**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LATOYA THOMAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No._____** |
| | § | |
| **STATE FARM LLOYDS, and** | § | |
| **TRACIE FIELDS** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS STATE FARM LLOYDS AND
## TRACIE FIELDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants STATE FARM LLOYDS ("State Farm") and TRACIE FIELDS ("Fields"),

file their Notice of Removal to remove from the 14th Judicial District Court of Dallas County,

Texas to this Court a suit styled *Latoya Thomas v. State Farm Lloyds and Tracie Fields*,

docketed under Cause No. DC-16-12661 (hereinafter referred to as the "State Court Action").

### I.   STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1.      This Court has original diversity jurisdiction under 28 U.S.C. §1332(a)(1) and 28 U.S.C.

§ 1441(a).

2.      Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the

district and division within which the State Court Action is pending.

### II.   TIMELINESS OF NOTICE OF REMOVAL

3.      This Notice is timely under 28 U.S.C. § 1446(b).  It is filed within 30 days after service

of citation and Plaintiff's Original Petition on Defendant State Farm. Specifically, Plaintiff's

Original State Court Petition naming State Farm and Fields as Defendants was filed on

September 26, 2016. Defendant State Farm was served on October 5, 2016.  Defendant Fields was served on October 10, 2016. When there is a claim that a defendant has been fraudulently joined to prevent removal based on diversity jurisdiction, a defendant has 30 days after the time it learns or should have learned of the fraudulent joinder to file a notice of removal.  *See e.g., Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 814-15 (5th Cir. 1993) (finding removal timely where defendants removed within thirty days of discovering fraudulent joinder).

4.      An Index of all documents filed in the State Court Action is attached hereto as Exhibit "A," as required by 28 U.S.C. §1446(a) and Local Rule 81.1. A list of all counsel of record, including addresses, telephone numbers, and parties represented is attached as Exhibit "B."

## III.   NATURE OF PLAINTIFF'S CASE AGAINST DEFENDANTS

5.      This suit involves a claim for property damage to Plaintiff's residence arising from a hailstorm that occurred on or about January 15, 2016, in Dallas County, Texas (the "Claim"). State Farm is the insurer for Plaintiff.  Fields was the agent who allegedly adjusted the Claim.

6.      On September 20, 2016, Plaintiff provided State Farm with a demand letter, pursuant to the Deceptive Trade Practices Act and Texas Insurance Code, which included an estimate of economic damages to the property at issue in the amount of $43,985.33 ("Demand Letter and Estimate"), dated September 20, 2016.[1]

7.      Plaintiff now sues State Farm for breach of contract, violation of the Texas Insurance Code and Deceptive Trade Practices Act, breach of the duty of good faith and fair dealings, fraud, and conspiracy to commit fraud, and Fields for violation of the Texas Insurance Code and Deceptive Trade Practices Act, breach of the duty of good faith and fair dealings, fraud, conspiracy to commit fraud, negligence, gross negligence and negligent misrepresentation in her

---

[1] Plaintiff's Demand Letter and Estimate of Damages, prepared by Plaintiff's counsel and received on September 20, 2016, is attached hereto and incorporated by reference as Exhibit C.

role as an agent for State Farm. Plaintiff alleges that Fields was the agent assigned to her claim and that she mishandled the inspections and adjustments related to the Claim.[2]  Specifically, Plaintiff alleges that Fields improperly adjusted her claim, conducted a substandard inspection, failed to include many of Plaintiff's damages in her estimate, provided an estimate that did not allow adequate funds to cover repairs, and misrepresented the cause of, scope of, and cost to repair the damages to Plaintiff's Property as well as the insurance coverage.[3]  Plaintiff allegations, however, are incorrect.[4]  Fields never inspected Plaintiff's property.[5]  In fact, Fields contact with Plaintiff regarding her claim of loss was limited to Fields conferring with Plaintiff's spouse regarding their claim of loss, coordinating with the field adjuster to setup an inspection date to inspect Plaintiff's property, and providing Plaintiff's spouse with the field adjuster's contact information so he could reschedule the inspection of his property.[6]  Fields had no further contact with Plaintiff or her spouse after she spoke with Plaintiff's spouse regarding rescheduling the appointment to inspect the property.[7]

## IV.    JURISDICTIONAL BASIS FOR REMOVAL: DIVERSITY

8.      Pursuant 28 U.S.C §1332(a)(1), this Court has diversity jurisdiction.

9.      Plaintiff is a citizen of Dallas County, Texas as alleged in her Original Petition.[8]

10.     State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois

---

[2] Plaintiff's Original Petition at ¶ H, which is attached as Exhibit A-1.
[3] *Id.*
[4] The affidavit of Tracie Fields is attached hereto as Exhibit "D."
[5] *Id.* at ¶ 6.
[6] *Id.* at ¶¶ 2-6.
[7] *Id.* at ¶ 5.
[8] *Id.* at §II.

for diversity purposes. *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of its members). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm. As explained below, Fields is a citizen of Texas, but she has been improperly joined in this suit for purposes of defeating diversity jurisdiction.

11.     Further, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 for the reasons explained more fully below.  *See* 28 U.S.C. §1332(a).

### A. Improper Joinder

12.     To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." *See Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)).

13.     The test for improper joinder "is whether the defendant has demonstrated there is no possibility of recovery against an in-state defendant, which stated differently means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *See Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Circ. 2004). The Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one." *Campbell v. Stone Ins., Inc.* 509 F.3d 665, 669 (5th Cir. 2007). "The court must resolve all ambiguities of state law in favor of the non-removing party." *Id.*

14.     In considering whether a party was improperly joined, "the court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether

the complaint states a claim under state law against the in-state defendant." *Smallwood* 385 F.3d at 573.  With respect to the applicability of a Rule 12(b)(6) analysis in an improper joinder case, the courts will evaluate the plaintiff's petition under the state-court pleading standards.  *See, e.g., Jones v. Allstate Ins. Co.*, No. 3:13-CV-4027-BN, 2014 WL 415951, at *3 (N.D. Tex. Feb. 4, 2014); *Weber Paradise Apts., LP v. Lexington Ins. Co.*, No. 3:12-CV-5222-L, 2013 WL 2255256, at *5 (N.D. Tex. May 23, 2013); *Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *2-3 (N.D. Tex. Nov. 8, 2012). This means that the plaintiff's pleading must state a cause of action and give fair notice of the relief sought against a defendant because the court determines removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal. Tex. R. Civ. P. 45(b); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Thus, In order to assert a cognizable claim, plaintiffs must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery).

15.    In order to assert a cause of action against an adjuster, Texas courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, and statute-tracking claims against the insurer.  *See, e.g., Thomas v. State Farm Lloyds, et al.,* No. 15-cv-1937-B, 2015 WL 6751130, at *3 (N.D. Tex. Nov. 11, 2015); *Aguilar v. State Farm Lloyds, et al.,* No. 15-CV-565-A, 2015 WL 5714654, *3-4 (N.D. Tex. Sept. 28, 2015); *Plascencia v. State Farm Lloyds, et al.*, No. 14-CV-524, 2014 WL

11474841, *5 (N.D. Tex. Sept. 25, 2014); *Okenkpu v. Allstate Texas Lloyd's*, No. H-11-2379, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Weldon Contractors, Ltd.*, 2009 WL 1437837, at *3–4.

16.     Plaintiff's factual allegations against Fields, even if accurate,[9] do not form the basis of an independent cause of action against her as opposed to the carrier.  Rather, Plaintiff has filed suit against Fields for the same reason that Plaintiff filed suit against State Farm.  She is unhappy that State Farm denied "full" payment to her.

17.     Texas law does not contemplate that adjusters like Fields will be held individually liable for the insurance carrier's decision on a claim. *See Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) (adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 *et seq.*, and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, H-11-2376, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by plaintiffs here were insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow

---

[9] As mentioned above, Fields did not inspect Plaintiff's property as Plaintiff alleged in her Petition.  In fact, Fields merely recorded Plaintiff's claim of loss, assigned a field adjuster to inspect Plaintiff's property, and provided the field adjustor's contact information to Plaintiff's spouse so he could reschedule the inspection of his property.  *See* Ex. D, at ¶¶ 2-6.  This conduct is not sufficient to form the basis of an independent cause of action against Fields because there is no creditable claim that Fields violated the Insurance Code or DTPA in her individual capacity.

recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA)

against an insurance company employee, who in the course of his employment engages in the

business of insurance, in the absence of evidence sufficient to sustain a finding that that

employee himself committed a violation of Article 21.21 (or the DPTA) and that such violation

was a cause of damage or legally recognized harm to the plaintiff.") *Hornbuckle v. State Farm

Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also See, e.g., Thomas*, 2015 WL 6751130, at *3-

4 (finding plaintiffs' allegations that the adjustor "failed to conduct a reasonable investigation,

understated the amount of damages to Plaintiffs' property, used her own statements as a basis for

denying or underpaying on Plaintiffs' claim, failed to provide an adequate explanation for the

denial of Plaintiffs' claim, and represented that the damages were not covered" were not

sufficient to support a claim for violation of the Insurance Code); *Aguilar*, 2015 WL 5714654, at

*2-3 (finding plaintiff's allegations against an adjustor that were "conclusory" and "related to the

investigation and estimation of damages" were not suffice to support a claim of fraud and

violation of the Insurance Code); *Plascencia,* 2014 WL 11474841, at *2-6 (concluding plaintiff's

allegations that the adjustor "improperly adjusted the Plaintiff's claim," "conducted a

substandard inspection," "misrepresented the cause of, scope of, and cost to repair the damage to

Plaintiff's Property," "failed to conduct a reasonable investigation," and "represented that the

damages were not covered" were not sufficient to support a claim for violation of the Insurance

Code).

18.     Further, Texas courts have held that post-loss misrepresentations do not give rise to

Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55

(Tex. 1990), overruled on other grounds, *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex.

2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979);

*Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

19.     Based upon the allegations in the Plaintiff's live pleading, which are largely inaccurate, there is no reasonable basis for predicting that Texas law will impose liability on Fields for Plaintiff's Chapter 541 claims or that Plaintiff can establish a cause of action against her in state court.  Fields has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and her citizenship, therefore, should be disregarded. Thus, complete diversity of citizenship exists between Plaintiff and Defendant. Furthermore, because Fields was improperly joined in this action, her consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

       **B**.     **Amount in Controversy**

20.     For removal, the amount in controversy must be in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). The amount in controversy includes all damages available under the law governing the suit, but the party seeking to invoke the court's jurisdiction must rely on more than conclusory allegations to establish jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254–55 (5th Cir.1998). When determining the amount in controversy, the courts may apply common sense to the allegations (*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995)), and "may look, not only to

the face of the complaint, but to the proofs offered by the parties." *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir.2001).

21.     Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.  28 U.S.C. § 1332(a).  However, a plaintiff's pleading of a specific sum does not control in two instances—when made in bad faith or when state court practice does not permit a demand for a specific sum. *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016) (*citing* 28 U.S.C. § 1446(c)(2); *Gresham v. SEI Investments Mgmt. Corp.*, 3:09-CV-2406-D, 2010 WL 1330640, at *2 (N.D. Tex. Apr. 5, 2010), *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("The face of the plaintiff's pleading will not control if made in bad faith" and a plaintiffs' "abusive manipulation" of pleadings to evade federal jurisdiction may be characterized as bad faith.")).

### 1.  Plaintiff Cannot Manipulate the Amount in Controversy to Dodge Removal.

22.     As set forth in *Gresham v. SEI Investments Mgmt. Corp.,* plaintiffs should not manipulate the amount in controversy in bad faith by "simply plead[ing] an amount less than the jurisdictional minimum without any similar logical justification:"

> For example, in *Troiani v. Allstate Ins. Co.* [citation omitted], the plaintiff asserted multiple causes of action and requested relief "not in excess of $70,000," without any justification for that limitation. Further, in addition to his request for $70,000, the *Troiani* plaintiff sought exemplary damages, treble damages, and attorney's fees. *See id.* at *4.

*Gresham*, 2010 WL 1330640, at *3 (J. Fitzwater)(*citing Troiani v. Allstate Ins. Co.* ., 2006 WL 1851378 (S.D. Tex. July 3, 2006)). *See also Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (where no damages were alleged in state court petition; federal court found plaintiff's back pay claim would be greater than the jurisdictional amount at the time of trial, thus removal was appropriate); *see also Ford v. United*

*Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

23.     Texas state court practice does not permit a demand for a specific sum. TEX. R. CIV. P. 47(b)-(c); *see also Chavez*, at *2. Therefore, when "it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith,' courts may look beyond a plaintiff's allegations." *Lester v. Lester*, 3:06-CV-1357-BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). In this situation, a defendant may satisfy the amount in controversy element for removal by: "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez,* 2016 U.S. Dist. LEXIS 19920, at *1 (*citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

>      2. **The Amount in Controversy Damages Assessment When Plaintiff Alleges Violations of the Texas Insurance Code and Deceptive Trade Practices Act Occurred**.

24.     In addition to economic damages, courts consider exemplary damages in determining the amount in controversy if the defendant could be liable for such damages under state law. *Watson v. Provident Life & Acc. Ins. Co.*, CIV.A. 3:08-CV-2065-, 2009 WL 1437823, at *3 (N.D. Tex. May 22, 2009) ("The statutory claim for bad faith allows, in addition to actual damages and attorney's fees, an award of treble damages, at the discretion of the trier of fact, upon a showing

that the defendant acted knowingly.") (*citing* Tex. Ins. Code § 541.152). *St. Paul*, 134 F.3d at 1253.

25.   Moreover, the 18% penalty interest allowed by the Texas Insurance Code is also considered. *Watson*, 2009 WL 1437823, at *5. ("Given this clear legislative intent, the court finds that the impact of the statute has not changed and the decision in *St. Paul* is controlling. Therefore, the interest under Texas Insurance Code section 542.060(a) is included in calculating the amount in controversy under section 1332.")(emphasis added) (*citing St. Paul*, 134 F.3d at 1253 ("we hold that here the statutory damages under [Article 21.55 now Texas Insurance Code section 542.060(a)] must be included in calculating the amount in controversy for § 1332.")). Moreover, "[i]f a state statute provides for attorney's fees, such fees are also included as part of the amount in controversy." *Watson,* 2009 WL 1437823, at *5 (*citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

## V.   LEGAL ANALYSIS

### A.   Plaintiff's Prior Representations Establish that Her Claims Will Exceed $75,000.

#### 1.   Plaintiff's Assertions that Damages do not Exceed $75,000.00 are Inaccurate.

26.   The following allegations set forth in the Original Petition and affidavit in support of the Petition establish that because Texas does not require a specific damage sum, Plaintiff is manipulating the damages assessment in bad faith to thwart removal.   Plaintiff pled that "Plaintiff's damages do no exceed $75,000.00."[10] Further, Plaintiff filed an affidavit that states that Plaintiff is not seeking damages in excess of $75,000.00, however, these assertions are directly contradicted by the Demand Letter that Plaintiff sent to State Farm.[11]   Accordingly,

---

[10] Plaintiff's Original Petition, § VIII, attached as Exhibit A-1.
[11]   Plaintiff's Affidavit, ¶¶3-4, attached as Exhibit A-2.

Plaintiff's assertions that the amount in controversy will not exceed $75,000.00 establish that she is drafting her pleadings solely to dodge removal.

### 2. Plaintiff's Claims and Relief Sought Establish that the Amount in Controversy Exceeds $75,000.

27.     Prior to this lawsuit, Plaintiff provided State Farm with a Demand Letter and Estimate.[12] The Estimate was in the amount of $43,985.33, which represented the amount to repair Plaintiff's residence.[13] Further, Plaintiff set forth the total amount of damages she sought in her Demand Letter and Estimate.[14] The actual damages totaled $153,493.64, per Plaintiff's calculation.[15] Plaintiff specifically requested trebled damages (Plaintiff's request for additional damages and exemplary damages),[16] and 18% interest under the Texas Insurance Code, ("plus an 18% per annum penalty on that claim"),[17] and Plaintiff also seeks attorney's fees[18] which are considered when determining the amount in controversy if a state statute provides for attorney's fees.

28.     Based on her $43,985.33 damage assessment and her requests for the 18% per year penalty payment, trebled damages, and attorney's fees, Plaintiff's potential recovery will exceed the $75,000 requirement. Even before attorney's fees are considered, the amount in controversy threshold is unequivocally overcome based on Plaintiff's own representations:

| | |
|---|---|
| Alleged Dwelling Damage: | $ 43,985.33 |
| **Total Economic Damages:** | **$ 43,985.33** |
| Economic Damages trebled under Chapter 541 of the TIC and DTPA ($43,985.33 multiplied by 3) | $ 131,955.99 |
| 18% penalty for one year under | |

---

[12] Plaintiff's Demand Letter and Estimate of Damages, prepared by Plaintiff's counsel, and received on September 20, 2016, is attached hereto and incorporated by reference as Exhibit C.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *See id.*; *See also*, Plaintiff's Original Petition, §§ IX, X, attached as Exhibit A-1.
[17] Plaintiff's Original Petition, § VIII, attached as Exhibit A-1.
[18] *Id.* at § XI.

Chapter 542 ($43,985.33 multiplied by 18%)     $ 7,917.36
**Total Current Damage Model:**                     **$ 139, 873.35**

29.     Based on the Plaintiff's Estimate of $43,985.33 in economic damages and Plaintiff's claims for trebled damages, attorney's fees, and 18% penalty interest as set forth in the State Court Action, a preponderance of the evidence establishes that the amount in controversy surpasses the $75,000 threshold.  Further, Plaintiff admits in the Demand that her damages total $153,493.64.[19]  Accordingly, Plaintiff has pled her amount in controversy in bad faith solely to thwart removal of this lawsuit.

## VI.    NOTICE SHALL BE PROVIDED

30.     Pursuant to 28 U.S.C. §1446(d), Defendants State Farm and Fields will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will further file a copy of this Notice of Removal with the County Clerk of Dallas County, Texas, where the State Court Action was previously pending.

## VII.    JURY DEMANDED BY PLAINTIFF

31.     Plaintiff requested a trial by jury in the State Court Action.[20]

## VIII.    CONCLUSION

WHEREFORE, Defendants State Farm Lloyds and Tracie Fields hereby request removal of the case styled *Latoya Thomas v. State Farm Lloyds and Tracie Fields*; Cause No. DC-16-12661, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendants may be justly entitled

---

[19] Plaintiff's Demand Letter and Estimate of Damages, prepared by Plaintiff's counsel, received on September 20, 2016, is attached hereto and incorporated by reference as Exhibit C.
[20] Plaintiff's Original Petition at § XII.

Respectfully submitted,

**ESTES THORNE & CARR PLLC**

/s/ Amy M. Stewart
**AMY M. STEWART**
State Bar No. 24060660
astewart@estesthornecarr.com
**LAUREN M. LEIDER**
State Bar No. 24094863
lleider@estesthornecarr.com

3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile:  (214) 599-4099

**ATTORNEYS FOR DEFENDANTS STATE
FARM LLOYDS AND TRACIE FIELDS**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 4th day of November, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and served the following counsel through the Court's EM/ECF system in accordance with the Federal Rules of Civil Procedure:

Jacey Hornecker
Speights & Worrich
3838 Oak Lawn Ave., Suite 1000
Dallas, Texas 75219
(210) 495-6789

Courtney Potter
Ketterman Rowland Westlund
16500 San Pedro Ave., Suite 302
San Antonio, Texas 78232
Houston, Texas 77002
(210) 490-4357

*Attorneys for Plaintiff*

/s/ Amy M. Stewart
Amy M. Stewart